FILED

February 24 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0217

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 49N

RYAN FUNKE,

       Plaintiff and Appellee,

    v.

CITY OF POLSON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and For the County of Lake, Cause No. DV 04-176
                Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              William L. Crowley and Natasha Prinzing Jones, Boone Karlberg,
              Missoula, Montana

       For Appellee:

              John M. Fitzpatrick, Buxbaum, Daue & Fitzpatrick, Missoula, Montana

                         Submitted on Briefs:  February 4, 2009

                                 Decided:  February 24, 2009

Filed:

               _____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant City of Polson (City) appeals several evidentiary rulings made by the District Court and the District Court's decisions on jury instructions following a jury's verdict in favor of Appellee Ryan Funke (Funke). We affirm.

¶3 The outside deck of the Diamond Horseshoe lounge and casino collapsed on the night of July 30, 2004. The collapse caused numerous injuries, including to Funke. Funke filed a complaint that asserted claims against Diamond Horseshoe, Inc., Bert Shultz, and the City. Funke alleged that the City negligently had inspected and approved plans for construction of the deck. Funke also claimed that the City negligently had failed to act upon a phone call from a citizen on the day of the collapse that the deck was unsafe.

¶4 At trial, the District Court admitted, over the City's objection, testimony concerning an alleged telephone call from a concerned citizen to the office of the City's building inspector on the day that the deck collapsed. The caller testified that he telephoned the City to warn about the deck's impending collapse. The caller testified that the building inspector assured him that he would investigate. The District Court also admitted, over the City's objection, testimony regarding whether the City had approved plans for the deck and had

2

inspected the finished deck nearly 15 years before its collapse.

¶5      The parties submitted proposed jury instructions.  The City offered instructions that addressed the creation of a special relationship between the City and a person that would create a duty of care on the City's behalf.  The City's proposed instruction further required that a person rely to his detriment on the City's assurances.  The court refused these instructions on the grounds that neither Appellee Funke nor Shultz were asserting detrimental reliance upon or inducement by any governmental action.  The court provided to the jury, over the City's objection, an instruction setting forth the City's duty to act with reasonable care.

¶6      The jury returned a verdict in favor of Funke.  The jury apportioned liability 95% against Shultz and 5% against the City.  The City appeals.

¶7      The City first argues on appeal that the court erred in allowing testimony regarding the alleged phone call to the building inspector.  The City argues that the court similarly erred in allowing testimony regarding whether the City had approved the plans for the deck and had inspected the completed deck.  The City finally contends that the District Court erred in giving various jury instructions regarding the City's legal duty, and refusing the City's proposed instructions on the same issue.

¶8      We review a district court's evidentiary rulings for an abuse of discretion.  *First Citizens Bank v. Sullivan*, 2008 MT 428, ¶ 19, 347 Mont. 452, ___ P.3d ___.  We also review a district court's jury instructions for an abuse of discretion.  *Olson v. Shumaker Truck. and Excav. Contr.*, 2008 MT 378, ¶ 22, 347 Mont. 1, 196 P.3d 1265.  We must consider the jury instruction in its entirety, as well as in connection with the other instructions given and with

3

the evidence introduced at trial. *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 74, 337 Mont. 411, 162 P.3d 106.

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in allowing evidence regarding the alleged phone call to the City and in allowing evidence concerning the City's inspection of the deck. It is further manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in instructing the jury on the City's legal duty.

¶10    We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE